UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LYNN RANDALL** ) | |
| ) | |
| **Plaintiff,** ) | Case No. FILED: MAY 19, 2008 |
| **vs.** ) | 08 cv 2881   JH |
| ) | JUDGE KOCORAS |
| ) | MAGISTRATE JUDGE VALDEZ |
| **AT&T, f/k/a SBC AMERITECH** ) | Judge |
| ) | |
| **Defendant.** ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, Lynn Randall (hereinafter "Plaintiff' and/or "Randall"), by and through her undersigned Counsel, and upon knowledge and belief as to all allegations of which she so possesses and upon information and belief as to all other allegations, complains of the Defendant, AT&T, Inc. (hereinafter "Defendant" and/or "AT&T") as follows:

NATURE OF THE CASE

1.   Plaintiff Lynn Randall brings this six (6) count complaint against Defendant AT&T Inc. seeking damages for Defendant's egregious disability discrimination, unlawful retaliation, and related illegal conduct constituting violations of the Americans with Disabilities Act, Retaliatory Discharge under Illinois Law and Intentional Infliction of Emotional Distress under Illinois Law.

2. This case is about AT&T's blatant, willful, deliberate attempts to violate the law through its retaliation for Plaintiff's filing a worker's compensation claim and its refusal to accommodate her disability.

3. Plaintiff Randall was terminated after AT&T became aware of her concerns regarding their failure to accommodate her, and after her workers compensation action was filed.

4. There was no legitimate non-discriminatory basis for her termination.

5. Plaintiff was an outstanding employee of Defendant. She made substantial contributions to Defendant's operations, and during all relevant times performed her job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

6. Plaintiff has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of Defendant's illegal conduct as alleged herein.

## JURISDICTION AND VENUE

7. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4). This is a suit authorized and instituted pursuant to the Act of Congress known as the Americans with Disabilities act, 42 USC § 12101 et seq., as amended for discrimination based upon a disability and the failure to accommodate same. Supplemental jurisdiction over Plaintiff's Illinois state law claims is conferred by 28 U.S.C. §1367 (a).

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §139l (b) and (c). Defendant resides and does business in the Northern District of Illinois and the Plaintiff is a resident of the Northern District of Illinois. Defendant is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

9.  Plaintiff, Lynn Randall, is a resident of the Yorkville, Illinois.

10.  Plaintiff suffered from an impairment of the shoulder and other physical conditions.

11.  Plaintiff was employed by AT&T from 1997 through the date of her illegal termination on May 19, 2006.

12.  Plaintiff's job title was that of a Tier 3 Voice Support Manager.

12.  Defendant AT&T is an Illinois corporation doing business in the State of Illinois. Defendant AT&T is a diverse corporation specializing in the communications industry.

13.  Defendant AT&T is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Section 12111 (5)(A) of the Americans with Disability Act.

## PROCEDURAL REQUIREMENTS

14.  Plaintiff fulfilled all conditions precedent to the institution of this action.

15.  Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on November 21, 2006 alleging violations of the ADA  *Exhibit "A."*

16.  The commission issued a "Notice of Right to Sue (Issued on Request)" dated 5/15/2008. *Exhibit "B."*

17.  Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the notice of right to sue.

## COMMON ALLEGATIONS

18. Prior to her termination, AT&T attempted to garnish her wages for allegedly overpayment of benefits in 1999, 2001-2002, 2004-2006. In 2006 this attempt continued when they notified her that they were going to garnish $11,000.

19. Plaintiff was injured while leaving work at SBC Ameritech's Arlington Heights, IL location on July 12, 2005.

20. She suffered a rotator cuff injury and after surgery in November 15, 2005 was unable to drive to work due to lack of strength and mobility in right arm and the fact that she was under severe narcotics for pain.

21. Plaintiff went on short-term disability due to her injury. After the company's workers' compensation representative ordered her to go back to work, Plaintiff obtained a workers' compensation attorney to defend her rights.

22. Per the action of her workers' compensation attorney she was permitted to remain on leave.

23. Per company policy, employees are entitled to telecommute based on the distance between their home and office.

24. At the time of her injury (anticipating the need for recovery time after surgery), Plaintiff's supervisor, Tom McCrady, informed Plaintiff that she would be able to work from home while she recovered from surgery.

25. After the surgery, Tom McCrady told the company's workers' compensation representative that there was no way that the plaintiff could work from home.

26.     Plaintiff complained to management, human resources and the workers' compensation representative about Mr. McCrady's refusal to accommodate my injury by allowing me to work from home pursuant to company policy.

27.     On March 21, 2006, on the day of her second procedure, while the Plaintiff was still out on disability leave, Plaintiff was informed via answering machine message, that her position was being absorbed by other members of the department as part of the SBC/AT&T merger.

28.     Plaintiff was the only senior manager I her department whose position was eliminated as part of the SBC/AT&T merger.

29.     Recent previous evaluation of job performance indicates that her rating was impacted because of being out on STD for a lunch infection in August of 2005. No raise was issued for performance in 2005 and no paperwork was received regarding reduction of bonus or reason for no raise in spite of work evaluation. Plaintiff was entitled to receiving her bonus and raise as all objectives were met.

30.     Upon information and belief, AT&T had a policy where individuals who were out on disability leave were not entitled to receive bonuses, raises or promotions during the year in which they were on such leave.

## COUNT I

(DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT)

31.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

32. On November 21, 2006, the plaintiff filed a Charge of Discrimination against the defendant pursuant to the Americans With Disabilities Act of 1990 with the Equal Employment Opportunity Commission (EEOC), copy attached as Exhibit B.

33. The plaintiff was qualified and capable of performing the tasks of many positions available at the defendant's business if she would have been provided the reasonable accommodation of a workplace where she would not have been exposed to toxic conditions.

34. Other employees who sought accommodations were granted such accommodations. This included but was not limited to telecommuting, change in work location, change in work duties and change in schedule.

35. The plaintiff's physicians notified the defendant that the plaintiff could return to work if she was permitted to telecommute.

36. The plaintiff requested an opportunity to return to work on numerous occasions. The defendant regarded the plaintiff as being disabled, refused to allow her to work in its facility, and refused to accommodate her.

37. As a direct and proximate result of the defendant's intentional conduct towards the plaintiff, the plaintiff has lost wages and other benefits; her earning capacity has been impaired; she has suffered an illness, pain and emotional distress; a loss of enjoyment in life and other non pecuniary losses, all of which will be proven at trial.

38. The plaintiff has been required to retain an attorney to protect her interests and prosecute this claim.

39. The defendant's discriminatory conduct exhibits a willful and reckless indifference to the plaintiff s right to be protected from disability discrimination.

## COUNT II

### (RETALIATION AND UNLAWFUL DISCHARGE IN RETALIATION FOR EXERCISE OF RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT)

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Plaintiff complained about, reported and protested against Defendant's unlawful employment practices under the ADA as alleged herein.

42. Plaintiff complained of AT&T's refusal to accommodate her disability.

43. On May 19, 2006 in retaliation for Plaintiff's complaints, reports and protests of unlawful discrimination, harassment, retaliation and hostile work environment, Defendant unlawfully terminated Plaintiff from her employment.

44. There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's discharge from Defendant.

45. At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Defendant's legitimate business expectations.

46. The discriminatory actions by Defendant through its management agents and employees were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

47. Defendant, by and through its agents discharged Plaintiff when it knew or should have known that the same were in violation of the ADA and any alleged reasons to the contrary are pre-textual.

48. The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT III

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

50. Plaintiff was an employee of the Defendant.

51. Plaintiff fulfilled her job duties with skill and expertise.

52. Defendant's severe and outrageous acts, including, but not limited to garnishing her salary in the amount of $11,000, refusing to accommodate her disability after they initially promised to do so, informing her of her termination on the same day as her second hospital position, verbal harassment and refusal to pay her bonus.

53. Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

54. Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

55. The Plaintiff did, in fact, experience extreme emotional distress, in that the events alleged herein caused her to become depressed, she was forced to see a mental health professional for her depression, and took medication for her depression.

56. By the extreme emotional distress the Plaintiff was thereby damaged.

57. The Defendant's acts, actions and inaction directly and proximately caused the Plaintiff s severe emotional distress.

## COUNT IV

### (RETALIATORY DISCHARGE UNDER ILLINOIS LAW FOR FILING A PERSONAL INJURY LAWSUIT)

58.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

59.     On May 19, 2006, Plaintiff's employment was terminated by Defendant without cause or justification.

60.     Plaintiffs employment was terminated because she filed a lawsuit regarding her injury on property being utilized by AT&T. The action was taken against a third party with whom AT&T contracted for the space.

61.     No other reasonable cause or justification existed for the termination of Plaintiff's employment, and any reasons given by Defendant were mere pretext.

62.     The termination of Plaintiff's employment was in contravention of the clearly mandated public policy of permitting individuals to sue for bodily injury.

63.     By wrongfully discharging Plaintiff without cause or justification, and for the retaliatory reasons set forth herein, Defendant acted willfully and with malice toward Plaintiff.

64.     As a direct and proximate result of this wrongful and unlawful action by Defendant, Plaintiff has suffered the loss of her employment, the loss of her salary and benefits, and damage to her reputation and future earning potential.

65.     The actions of Defendant were done deliberately and willfully or with such gross negligence as to indicate wanton disregard for Plaintiff's rights.

66.     Defendant terminated plaintiff's employment with defendant in retaliation for plaintiff's activities of filing the personal injury lawsuit.

67. Terminating plaintiff's employment as a result of her activities, which activities protect the lives of the citizens of the State of Illinois, violates the strong public policy of the State of Illinois.

68. As a direct and proximate result of defendant's termination of plaintiff's employment in violation of the strong public policy of the State of Illinois, plaintiff has suffered and will continue to suffer and incur loss of income, loss of benefits, emotional distress, embarrassment and humiliation.

69. The termination of plaintiff's employment by defendant so violates the strong public policy of the State of Illinois that significant punitive damages are necessary to deter defendant and other employers similarly so inclined from engaging in such conduct in the future.

## COUNT V

(RETALIATORY DISCHARGE UNDER ILLINOIS LAW FOR FILING WORKER'S COMPENSATION CLAIM)

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

71. On May 19, 2006, Plaintiffs employment was terminated by Defendant without cause or justification.

72. Plaintiffs employment was terminated because she filed a worker's compensation claim.

73. No other reasonable cause or justification existed for the termination of Plaintiff's employment, and any reasons given by Defendant were mere pretext.

74. The termination of Plaintiff's employment was in contravention of the clearly mandated public policy of permitting the filing of workers compensation claims.

75. By wrongfully discharging Plaintiff without cause or justification, and for the retaliatory reasons set forth herein, Defendant acted willfully and with malice toward Plaintiff.

76. As a direct and proximate result of this wrongful and unlawful action by Defendant, Plaintiff has suffered the loss of her employment, the loss of her salary and benefits, and damage to her reputation and future earning potential.

77. The actions of Defendant were done deliberately and willfully or with such gross negligence as to indicate wanton disregard for Plaintiff's rights.

78. As a direct and proximate result of defendant's termination of plaintiff's employment in violation of the strong public policy of the State of Illinois, plaintiff has suffered and will continue to suffer and incur loss of income, loss of benefits, emotional distress, embarrassment and humiliation.

79. The termination of plaintiff's employment by defendant so violates the strong public policy of the State of Illinois that significant punitive damages are necessary to deter defendant and other employers similarly so inclined from engaging in such conduct in the future.

**COUNT VI**

(VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT)

80. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above.

81. Defendant is in violation of the Illinois Wage Payment and Collection Act (hereinafter IWPCA), 820 Ill. Comp. Stat. 115/9, for willfully withholding pay without authorization under the statute.

82. Under the IWPCA, an employer must pay all amounts owed in full at the time of termination of employment or by its next regular payday. The Company is an employer under IWPCA, 820 ILCS 115/2.

83.　　Plaintiff is entitled to recover from the defendant relief including but not limited to, the money improperly held in garnishment in the amount of approximately $11,000.

84.　　The 2005 bonus that was never paid but which she met all qualifying requirements. Her bonus should have been paid in February of 2006. Her bonus is 13% of her salary.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

I.　　Acceptance of jurisdiction of this cause;

II.　　Declaratory judgment that the employment practices challenged herein are illegal and in violation of the rights secured to Plaintiff;

III.　　A preliminary and permanent injunction against the Defendants and their partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices, policies, customs, usages, and racial and age discrimination as set forth herein;

IV.　　Damages sufficient to compensate Plaintiff for her injuries;

V.　　Reinstatement or Front Pay;

VI.　　Back Pay, inclusive of lost wages and any benefits;

VII.　　Lost Future Earnings including a fully vested pension;

VIII.　　Prejudgment and post-judgment interest;

IX.　　Punitive damages;

X.　　Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

XI.　　An award of litigation costs and expenses; and

XII.　　Any and all other relief that this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: May 17, 2008

Respectfully submitted,

BY:　　/s/ *Elisabeth Shoenberger*

Elisabeth Shoenberger
Shoenberger Law Offices
4305 N. Lincoln Avenue
Chicago, Illinois 60618
773-244-9628
Fax 773-404-5794

ARDC# 6243879

| Charge of Discrimination – Equal Employment Opportunity Commission | Charge Number 440-2007-0514 |
|---|---|
| Name: Lynn Randall | Home Telephone 630-882-8766 |
| Address: 203 Windham Circle, Yorkville, IL 60560 | Birth Date 02/19/1960 |

**NAMED IS THE EMPLOYER THAT DISCRIMINATED AGAINST ME:**

| Name: AT&T, f/k/a/ SBC Ameritech | Number of Employees 500+ | Phone 800-257-0902 |
|---|---|---|
| Address 225 W Randolph Street, Chicago, IL 60606 | | County Cook |

**CAUSE OF DISCRIMINATION BASED ON:**

| Race or Color | Religion | National Origin | | Date Discrimination Took Place |
|---|---|---|---|---|
| Sex | Age | Handicap or Disability | X | March 21, 2006 |
| Retaliation X | Other | | | Continuing Action |

RECEIVED EEOC NOV 21 2006 CHICAGO DISTRICT OFFICE

**THE PARTICULARS ARE:**

I. I was hired in 1997. I was terminated from my position as a Tier 3 Voice Support Manager effective May 19, 2006.

II. The reason given for my discharge by Tom McCrady was that the other members of my department due to the SBC/AT&T merger were absorbing my position.

III. I believe I have been discriminated against on the basis of my disability and in retaliation for complaining about discrimination as follows:

A. I was injured while leaving work at SBC Ameritech's Arlington Heights, IL location on July 12, 2005. I suffered a rotator cuff injury and after surgery on November 15, 2005 was unable to drive to work due lack of strength and mobility in my right arm and the fact that I was taking narcotics for pain.

B. I went on short-term disability due to my injury. After the company's workers' compensation representative ordered me to go back to work, I retained a workers' compensation attorney to defend my rights.

C. My workers' compensation attorney was able to keep me off work due to the severity of my injury and my inability to work.

D. Per company policy, employees are entitled to telecommute based on the distance between their home and office.

E. At the time of my injury (anticipating the need for recovery time after surgery), my supervisor, Tom McCrady, told me I would be able to work from home while I recovered.

F. Tom McCrady later told the company's workers' compensation representative that there was no way I could work from home because my job required me to be at the office.

G. I complained to management, human resources and the workers compensation representative about Mr. McCrady's refusal to accommodate my injury by allowing me to work from home pursuant to company policy.

H. On March 21, 2006, the day of my second procedure, while I was still out on disability leave, I was informed via answering machine message, that my position was being absorbed by other members of the department as part of the SBC/AT&T merger.

I. I was the only senior manager in my department whose position was eliminated as part of the SBC/AT&T merger.

J. Recent previous evaluation of job performance indicates that my rating was impacted because of being out on STD for a lung infection in August of 2005. No raise was issued for performance in 2005 and no paperwork was received regarding reduction of bonus or reason for no raise in spite of work evaluation, which warranted it.

---

I SWEAR OR AFFIRM THAT I HAVE READ THIS CHARGE AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

X /s/ Lynn M Randall

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 9/19/06

/s/ Johanna Vargas
NOTARY PUBLIC

OFFICIAL SEAL
JOHANNA VARGAS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04-30-2008

Exhibit A

EEOC Form 161-B (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Lynn Randall<br>203 Windham Circle<br>Yorkville, IL 60560 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail 7001 1940 0003 8825 1265

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-01514 | Nanisa Pereles,<br>Investigator | (312) 353-8739 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

5/15/2008
(Date Mailed)

Enclosures(s)

cc:   AT&T

Exhibit B